RECEIVED
CLERK'S OFFICE

2013 DEC 23 AM 8:20

MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
_____ DIVISION

QUESTIONNAIRE FOR PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C. § 1983

LaVarus Glass #1143404

(GIVE FULL NAME AND PRISON NUMBER OF EACH PLAINTIFF)

Plaintiff(s)

CIVIL ACTION NO: **5:13-CV-462**

VS.

CO II K. Smith
CO. Raines (split shift)
Both in Individual and Official
capacity

(NAME OF EACH DEFENDANT)

Defendant(s)

## I. GENERAL INFORMATION

1. Your full name and prison number(s): LaVarus Donell Glass
2. Name and location of prison where you are now confined: Macon State Prison
3. Sentence you are now serving (how long?): 12 yrs.
   (a) What were you convicted of? Armed Robbery
   (b) Name and location of court which imposed sentence: Coweta County
   (c) When was sentence imposed? 2003
   (d) Did you appeal your sentence and/or conviction?  ☐ Yes  ☑ No
   (e) What was the result of your appeal? X
   (f) Approximate date your sentence will be completed: 03.26.2015

## II. PREVIOUS LAWSUITS

4. Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in <u>any</u> federal or state court dealing with the <u>SAME FACTS</u> involved in this lawsuit or otherwise related to your imprisonment?   ☑ Yes   ☐ No

5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH.)

(a) Parties to the previous lawsuit:

Plaintiff(s): LaVarus Glass

Defendant(s): Georgia Department of Correction et al

(b) Name of Court: U.S. Courts, Middle District of Georgia

(c) Docket Number: 5:13-cv-380   When did you file this lawsuit? 09.24.2013

(d) Name of judge assigned to case: Charles H. Weigle

(e) Is this case still pending?   ☑ Yes   ☐ No

(f) If your answer to (e) is "No," when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Where are you <u>now</u> confined? Macon State Prison

(a) How long have you been at this institution? Since Feb. 21 2013

(b) Does this institution have a grievance procedure?   ☑ Yes   ☐ No

(c) If your answer to question 6(b) is "Yes," answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance?
   ☑ Yes   ☐ No

(2) What was the result? Grievance Was Denied After being Poorly Investigated - other still pending - cant file Grievance on retalitory Disciplinary report per Policy.

(d) If your answer to question 6(b) is "No," explain why not:

(e) What, if anything, have you done to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to: Filed Grievances On 9.12.2013 and On 12.10.2013

7. In what other institutions have you been confined? Give dates of entry and exit.
Jackson - Smith - Telfair - Autry - Waycross - Hayes Date of entry and exit unknown

## VI. PARTIES TO THIS LAWSUIT

8. List the name and address of each plaintiff in this lawsuit.
LaVarus Glass Macon State Prison P.O. Box 426

9. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)
C.O. II K. Smith  C.O. Baines (of split shift) of Macon State Prison

## V. STATEMENT OF CLAIM

10. In the space hereafter provided, and on separate sheets of paper, if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them. Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

Do not give any legal argument or cite any cases or statutes at this time; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULE 8 OF THE *FEDERAL RULES OF CIVIL PROCEDURE* REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, AND DIRECT. If the court needs additional information from you, you will be notified.

## STATEMENT OF CLAIM (Continued)

Where did the incident you are complaining about occur? That is, at what institution or institutions? ~~Macon~~ State Prison (Macon)

When do you allege this incident took place? Ongoing from 9.11.2013 to 12.13.2013

What happened? 1). On 9.11.2013 Defendant Smith did conspire to retaliate against Plaintiff due to the request of CO Felton (See Case 5:13-cv-380) by refusing Plaintiff's shower for the entire week. 2). Defendant Smith did threaten Plaintiffs life by pulling out a $20 bill from his wallet in front of Plaintiff's cell stating "~~illegible~~ That was enough to end Plaintiff's life in prison" 3). Defendant Smith stated to Plaintiff in front of other inmates in J-1 dorm "You shouldn't be snitching. People would not want to kill Plaintiff." 4). Plaintiff recieved threats from inmate due to Defendant Smith's statement of him being a snitch. 5). Defendant Smith did refuse Plaintiffs shower for a period of over a month after learning that Plaintiff filed a grievance against defendant. 6) Defendant Smith did state to Plaintiff over the course of the month inwhich he refused Plaintiff shower for Plaintiff to write it up since Plaintiff writes everything else up." 7) On 9.24.2013 Plaintiff file Suite 5:13-cv-380 listing Defendant Smith as a Defendant as a result to the aforementioned allegations. 8). On 9.24.2013 Plaintiff did file a order to show cause for an preliminary insjunction and a temporary restraining order against Defendant Smith inorder to prevent further retaliatory acts from the Defendant which was denied on 12.04.2013. 9). On 12.10.2013 while Plaintiff was being escorted back to his cell #104 by both Defendant Raines and Defendant Smith, Defendant Smith stated to defendant Raines "watch this". Defendant Smith then stated to Plaintiff "whats up Hass you gonna let me suck your dick". Both Defendants started laughing. 10) Plaintiff shook his head and informed Defendant Smith that such statement was that of one with a twisted mind. Defendant Smith then stated to Plaintiff "How about I give your hungry ass $50. dc..... I know you will do it for that?" 11). Plaintiff then advised Defendant Smith that he was not homosexual and further advised Defendant that he would be writing such acts of Harrassment and sexual misconduct up in the form of a grievance. Plaintiff asked both Defendant and Raines for a grievance

11. List the name and address of every person you believe was a witness to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened.
(USE ADDITIONAL SHEETS, IF NECESSARY)

_____
_____
_____
_____
_____
_____

12. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes.
(USE ADDITIONAL SHEETS, IF NECESSARY)

A declaration that the acts and omissions described herein violates his rights under the Constitution and laws of the United States, and A preliminary and permanent injunction ordering defendants to cease their threats of physical violence towards Plaintiff, and Compensatory damages in the amount of $50,000 against each defendant, jointly and severally. Punitive damages in the amount of $950,000 against each defendant. A trial on all issues triable by the court, Recovery of cost in this suit, and Attorney's fee of $20,000 against each defendant. Any additional relief this court deems just, proper, and equitable.

13. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you <u>will</u> be afforded an opportunity to respond thereto.

14. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO <u>DILIGENTLY</u> PROSECUTE IT. That means you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case <u>before</u> you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT. IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE. If you fail to prosecute your case, it will be dismissed under Rule 41 of the *Federal Rules of Civil Procedure*.

Signed this 13th day of December, 2013.

_____
(Signature of Plaintiff)

# United States District Court
# Middle District of Georgia
# Macon Division

LaVarus Glass,
    Plaintiff,

v.

C.O. II K. Smith
C.O. I Raines (of split shift)
Individually and in their official capacities,
    Defendants.

Complaint

5:13-CV-462

## I.
## Jurisdiction and Venue

1). This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2). The Middle District of Georgia is an appropriate venue under 28 U.S.C Section 1391(b)(a) because it is where the events giving rise to this claim occurred.

## II.
## Plaintiff

3). Plaintiff LaVarus Glass, is and was at all times ~~herein~~ mentioned

herein a prisoner of the State of Georgia in the custody of the Georgia Department of Corrections. He is currently confined in Macon State Prison in Oglethorpe, Georgia.

## II.
## Defendants

4). C.O. Raines (of split shift) is a C.O. at Macon State Prison. He is legally responsible for not reporting the incident and threatening to conspire to retaliate against Plaintiff. ~~████████████████~~

5). Defendant Smith is a CO II at Macon State Prison, who at all time mentioned in this complaint was in Building J-1 of Macon State Prison.

6). Each Defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## III.
## Facts

7). At all time relevant to this case, Plaintiff was housed in cell #104 in building J-1 Administrative Segregation.

8). On 9.11.2013 Defendant Smith did conspire to retaliate against Plaintiff due to the request of CO Felton (See Case 5:13-cv-380) by refusing Plaintiffs shower for the entire week.

9). Defendant Smith did threaten Plantiff's life by pulling out his wallet in front of Plantiff's cell extracting a $20. bill stating " that was enough to end Plaintiff life in prison".

10). Defendant Smith stated to Plaintiff in front of other inmates in J-1 dorm "You shouldn't be a snitch People would not wanna kill you".

11). Plaintiff recieved threats from inmates due to Defendant Smith statement of him being a snitch.

12). Defendant Smith did refuse Plaintiff's shower for a period of over a month after learning that Plaintiff had filed a grievance against Defendant.

13). Plaintiff did ask Defendant Smith several times over the course of Plaintiff shower being refused and Defendant Smith response was always "write it up, you write everythingesle up" when Plaintiff asked Defendant why his shower was being refused.

14). On 9.24.2013 Plaintiff filed Suite 5:13-cv-380 listing Defendant Smith as a Defendant as ~~address~~ a result of the aforementioned allegations

15). On 9.24.2013 Plaintiff did file a order to show cause for an preliminary injuction and a temporary restraining order against Defendant Smith inorder to prevent further retalitory acts from the Defendant which was denied on 12.04.2013.

16. On 12.10.2013 while Plantiff was being escorted back to his cell #104 by both Defendant Raines and Defendant Smith. Defendant Smith stated to Defendant Raines "watch this". Defendant then stated to Plaintiff: "whats up Glass you gonna let me suck your dick". Both Defendant Raines and Smith starting laughing.

17. Plaintiff shook his head and informed Defendant Smith that such statement was that of one with a twisted state of mind. Defendant Smith then stated to Plaintiff "How about I give your hungry ass a $50, etc.... I know you will do it for that!?"

18). Plaintiff did advise Defendant Smith that he was not homosexual and further advised Defendant that he would be writing such acts of harrasment up in the form of a grievance. Plaintiff asked both Defendant Smith and Raines for a grievance, both Defendants refused to give Plaintiff a grievance.

19). Plaintiff was then threatened by Defendant Smith whom did state to Plaintiff "You talking about writing something up. all I gotta do is write you up first and say you said you'll pay me to suck my dick."

20). Plaintiff was further threatened by Defendant Raines whom did state to Defendant Smith "Nawl how about we just say that he threatened to Kill us" Defendant Smith agreed stating "Yeah that will stop his bitch ass from wanna write everything up".

21). Plaintiff was repeatedly told by Defendant Smith before Defendant walked away from Plaintiff's cell door "Yeah I got something for you I got something for ya".

22). Plaintiff yelled to both Defendant Smith and Defendant Raines from under cell door that he needed a grievance. Defendant Smith and Defendant Raines both yelled to Plaintiff in response "Niggah fuck your grievances".

23). Plaintiff recieved Grievance from dorm officer Jefferson moments later and wrote both Defendants Smith and Defendant Raines up on the aforementioned allegations but was unable to submit Grievance until counselor's made rounds in J-1 Administrative Segregation.

24). On 12.11.2013 Plantiff was served a retalitory disciplinary report from defendant Smith for Verbally Threatening and Bribery with the alleging incident dated 12.10.2013.

25). Defendant Smith did retaliate on Plaintiff by alleging that Plaintiff

18

offered him a $50 dot to suck Defendants Penis, and further that Plaintiff threatened that he would kill Defendant.

26). Plaintiff was able to submit his grievance to Counselor Black on 12.12.13 upon counselors making their rounds for the week in J-1 Administrative Segregation.

27). On 12.13.2013 Plaintiff was standing at his door when he noticed defendant Smith attempting to skip his cell for the shower. Plaintiff told Defendant "Let me get my shower". Defendant Smith stated "Oh I thought you said you didn't want a shower". Plaintiff asked Defendant how could he think such when his job was to ask Plaintiff if he wanted a shower.

28). Plaintiff was then threatened by Defendant Smith whom stated "If you don't shut up then you just refused your shower".

29). Plaintiff repeated Defendants Smith statement back to him aloud and Defendant stated "you still talking you just refused your shower" then begun walking away from Plaintiff's door.

30) Plaintiff yelled to the dorm officer fritz that he wanted him to hear him say that he did'nt refuse his shower so that he could be a witness. Defendant Smith then came back to Plaintiff's door to give him a shower further threatening Plaintiff stating "Yeah you lucky this cracker (referring to officer fritz) here today, he saved your ass, but just wait I got something for you! watch".

## IV.
## Exhaustion of Legal Remedies

31). Plaintiff used the prisoner grievance precedure available at Macon State Prison to try to solve the problems. On 09.12.2013, Plaintiff presented the facts relating to this complaint. On 10.03.2013 Plaintiff's grievance was denied.

On 10.10.2013 Plaintiff acknowledged the response that his grievance was denied and that he had seven (7) days to appeal. On 10.10.2013 Plaintiff was advised by Grievance Counselor that he would send Plaintiff an appeal form back through the in-house mail. Plaintiff haven't recieved appeal form yet and 7 days to appeal have expired. Plaintiff's grievances are attached as Exhibits.

## V.
## Legal Claims.

32). Plaintiff reallege and incorporate by reference paragraphs 1-30.

33). Defendant Smith acted cruel and unusual towards Plaintiff by asking Plaintiff if he could suck Plaintiff penis. Defendant acted unusual towards Plaintiff by offering Plaintiff $50 etc. to suck Plaintiff's penis causing Plaintiff to suffer emotional distress. Defendants Smith action violated Plantiffs rights under the 8th Amendment to the United States Constitution.

34). Defendant Smith and Raines violated Plaintiffs 14th Amemdment rights to due process by refusing to give plaintiff a grievance upon request

35). Defendant Raines did retaliate against plaintiff by engaging in the misconduct and encouraging the continuation of the misconduct of Defendant Smith. Defendant did violate Plaintiff's right under the 8th Amendment to the United States Constitution.

36). Defendant Smith did retaliate against plaintiff by writing a disciplinary report alleging that Plaintiff offered Defendant $50 to suck Defendants penis. and that Plaintiff threatened that he would kill Defendant.

Defendant did violate Plaintiff's rights under the 8th Amendment to the United State Constitution.

37) Defendant Smith did threaten Plaintiff with retaliation and physical violence for exercise of his right to seek redress from the prison through use of the prison grievance system. Defendant is retaliating against Plaintiff unlawfully, in violation of Plaintiff's rights under the 1st Amendment to the United States Constitution. These illegal actions are causing Plaintiff injury to his 1st Amendment rights.

38). Plaintiff has no adequate, plain or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## VI.
## Prayer For Relief

Wherefore, Plaintiff respectfully pray that this court enter judgement:

39). Granting Plaintiff a declaration that the acts and omissions described herein violates his rights under the Constitution and laws of the United States, and

40) A preliminary and permanent injunction ordering defendants to cease their threats of physical violence towards Plaintiff, and

41). Granting Plaintiff compensatory damages in the amount of $50,000. against each defendant, jointly and severly.

42). Punitive damages in the amount of $950,000. against each defendant,

43). A trial on all issues triable by the court.

44). Plaintiff also seek recovery of his cost in this suit, and

45). Attorney's fee of $20,000. against each defendant.

46). Any additional relief this court deems just, proper, and equitable.

Dated: 12.13.2013

Respectfully Submitted,

*LaVarus Glass* (signature)
LaVarus Glass #1143404
Macon State Prison
P.O. Box 426
Oglethorpe, Ga. 31068

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the forgoing is true and correct.

Executed at Oglethorpe, Georgia on December 13th 2013.

*LaVarus Glass* (signature)
LaVarus Glass

## Certificate of Service

This is to certify that I have this day served a true and correct copy of the within and foregoing document(s) upon the party(s) listed below by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to below addresse(s).

Gregory J. Leonard, Clerk
United States District Court
Middle District of Georgia
P.O. Box 128
Macon, Georgia 31202

This the 13th day of December, 2013.

Signature _LaVarus Hass_